UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV. 2605

__Oscar Sanders__

(In the space above enter the full name(s) of the plaintiff(s).)

v.

Defendant No. 1 __Anthony Siano (#29220), Police Officer of 103 pct.__
Defendant No. 2 __Richard Brown, District Atty, Qns county__
Defendant No. 3 __Ms. Pamela Jordan, atty.__
Defendant No. 4 _____
Defendant No. 5 _____

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: Yes ☑ No ☐
(check one)

(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. No addresses should be included here.)

I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name __Oscar Sanders__
ID # __441-10-08682__
Current Institution __Otis Bantum Corr. Center__
Address __16-00 Hazen St.__
__E. Elmhurst, N.Y. 11370__

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

1

Defendant No. 1    Name P.O. Anthony Signo    Shield # 29220
Where Currently Employed 103 rd. Precinct
Address _____

Defendant No. 2    Name Richard Brown, D.A.    Shield # _____
Where Currently Employed Queens Supreme court
Address 125-01 Queens Blvd
         Kew Gardens, N.y. 11415

Defendant No. 3    Name Pamela Jordan, Atty    Shield # _____
Where Currently Employed Queens Law Associates
Address 118-21 Queens Blvd., suite 212
         Forest Hills, N.y. 11375

Defendant No. 4    Name _____ Shield # _____
Where Currently Employed _____
Address _____

Defendant No. 5    Name _____ Shield # _____
Where Currently Employed _____
Address _____

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? Queens county

B.    Where in the institution did the events giving rise to your claim(s) occur? Liberty park, Queens county

C.    What date and approximate time did the events giving rise to your claim(s) occur? Aug. 11, 2010, 10:45 p.m.

2

D. Facts: **What happened to you?** I sustained a gunshot wound on my right leg. **Who did what?** My atty was Pamela Jordan has took it upon herself to waive my rights for me to attend Grand Jury, and Mr. Richard Brown (DA) to render any decision that been going on now since (8/11/10) Police Officer Anthony Siano of 103 Precinct has unlawfully arrested me and I was charged with a gun poss., no firearm was ever recovered.

**Was anyone else involved?**

**Who else saw what happened?** See indictment enclosed with this package.

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I was shot on my right leg and I was given medical attention at Jamaica Hospital, Queens County.

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?
Yes ___ No ✓

3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _____

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes ____   No ____   Do Not Know ____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes ____   No ____   Do Not Know ____

If YES, which claim(s)? _____

D.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose *not* cover some of your claim(s)?

   Yes ____   No ____   Do Not Know ____

If YES, which claim(s)? _____

E.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes ____   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes ____   No ____

F.  If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

   1.  Which claim(s) in this complaint did you grieve? _____

   _____

   2.  What was the result, if any? _____

   _____

   3.  What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _____

   _____

   _____

   _____


Case 1:11-cv-02203-WFK-LB   Document 2   Filed 04/12/11   Page 5 of 15 PageID #: 8

G. If you did not file a grievance, did you inform any officials of your claim(s)?
Yes _____ No _____

1. If YES, whom did you inform and when did you inform them? _____
_____
_____

2. If NO, why not? _____
_____
_____

I. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____
_____
_____
_____

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**
State what you want the court to do for you. I seek $250,000 for mental and emotional disturbance, defimation of character to say the less regarding my false arrest, imprisonment that brought about much pain and suffering in many aspects.

VI. **Previous lawsuits:**

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes ~~✗~~ No ✓

5

B. If your answer to A is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit:
Plaintiff _____
Defendants _____
2. Court (if federal court, name the district; if state court, name the county) _____
_____
3. Docket or Index number _____
4. Name of Judge assigned to your case _____
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition _____
7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

On other claims

D. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ✓  No ____

E. If your answer to D is YES, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to this previous lawsuit:
Plaintiff Oscar Sanders
Defendants C.O. D. Reese # 17189, etc.
2. Court (if federal court, name the district; if state court, name the county) U.S. States district court
3. Docket or Index number 10 CV 9662
4. Name of Judge assigned to your case Barbara S. Jones
5. Approximate date of filing lawsuit: 1/6/2011
6. Is the case still pending? Yes ✓ No ____
If NO, give the approximate date of disposition _____
7. What was the result of the case? (for example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) Still pending

6

Case 1:11-cv-02203-WFK-LB Document 2 Filed 04/12/11 Page 7 of 15 PageID #: 10

Signed this 26 day of __March__, 20_11_. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Plaintiff: Omar Sanders
Inmate Number: 441-10-08682
Mailing address: 16-00 Hazen St.
E. Elm, N.Y. 11370

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 26 day of __March__, 20_11_, I will deliver this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Omar Sanders

rev. 09/04

7

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS          PART K-3

------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK           NOTICE OF
                                              SUPPLEMENTAL
                                              MOTION TO DISMISS
          -against-                           INDICTMENT

                                              IND. NO. 2149/2010

OSCAR SANDERS,

                              Defendant.

------------------------------------------------------------x

S I R S:

PLEASE TAKE NOTICE that upon the annexed affirmation of Pamela Jordan, Esq., the papers filed herein, and all the prior proceedings heretofore had herein, the defendant will move this Court at Part K-3 thereof, County of Queens, State of New York, on the 16th day of March, 2011 or as soon thereafter as counsel may be heard, for an ORDER, granting:

1. Motion to Dismiss the Indictment herein, pursuant to C.P.L. § 210.20 (1)(b), that the evidence before the Grand Jury was not legally sufficient.

2. And for such other and further relief as to this Court may seem just and proper.

DATED: Feb. 23, 2011                          Yours, etc.

TO:    Hon. Richard Brown                     Pamela Jordan
       District Attorney, Queens County       Queens Law Assoc.
                                              118-21 Queens Blvd.
       Clerk of the Supreme Court             Forest Hills, NY 11375
       Queens County



1

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS               PART K-3

------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

               -against-                          AFFIRMATION

                                                     IND. NO. 2149/2010

OSCAR SANDERS,

                           Defendant.

------------------------------------------------------------x

STATE OF NEW YORK            )

COUNTY OF QUEENS             )

      PAMELA JORDAN, the attorney of record for the defendant SANDERS herein, affirms under penalty of perjury the following to be true, unless stated to be upon information and belief:

1. This Affirmation is made in support of the relief requested in the annexed Notice of Motion; the sources of deponent's affirmation are the papers filed herein, investigations conducted by the defense, relevant Court records and all the prior proceedings heretofore had herein.

2. That the defendant was arrested on or about August 12, 2010 and charged with Criminal Possession of a Weapon in the Second Degree and related charges. The matter was subsequently presented to the Grand Jury which returned the instant Indictment, No. 2149/2010.

3. That the defendant submitted an Omnibus Motion requesting, among other things, the Indictment be dismissed for failure to present legally sufficient evidence to support the charges therein and to release the Grand Jury testimony to the defense. In a decision dated Nov. 8, 2010, this Court denied those requests. Upon oral application, the Court issued a supplemental decision, dated Jan. 5, 2010, ordering the People to provide the defense with the Grand Jury testimony of P.O. Anthony Siano. The People have complied with the Court's Order and the defendant makes this supplemental motion after review of the Grand Jury transcript.

FACTS:

4. Briefly, the facts of this case are as follows: As per the Criminal Court complaint, the defendant is alleged to have gone to Jamaica Hospital, 89-00 VanWyck Expwy., Queens County on Aug. 11, 2010, 10:45 p.m., complaining of a gunshot wound he'd sustained in Liberty Park, Queens County.

5. That upon his examination at Jamaica Hospital, there were one or more wounds on his right leg, one or more holes in his under pants, and no observation of any hole in his outer pants. That a spent round was recovered from his shoe.

6. That while he is charged with Criminal Possession of a Firearm with intent to use unlawfully against another on that date, time and place, no firearm was ever recovered.

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS THE INDICTMENT

**The Police Officer's testimony before the Grand Jury was not competent evidence, within the meaning of C.P.L.§ 190.65, as he offered "expert testimony" and "legal conclusions" beyond his area of expertise.**

7. Upon information and belief, there is no witness who testified before the Grand Jury that the defendant SANDERS *actually* possessed a loaded firearm on August 11, 2010. As such, upon information and belief, the only testimony presented to the Grand Jury upon which the Grand Jurors could have return a legally sufficient Indictment was given by P.O. Anthony Siano.

8. A "Grand Jury indictment will be upheld when the evidence is legally sufficient to establish a prima facie case that defendant committed the offense charged...**and the evidence relied upon is competent and admissible** such that, if unexplained and uncontradicted, a conviction would be warranted." People v. Dossinger, 106 A.D.2d 661, 482 N.Y.S. 915 (2d Dept., 1984). (emphasis added)

9. The rules of evidence before the Grand Jury are essentially the same as the rules of evidence at trial, subject to certain statutory exceptions. C.P.L.§ 190.30 states in pertinent part: "Except as otherwise provided in this section, the provisions of article 60, governing rules of evidence and related matters with respect to criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings." In the instant case, we submit none of the statutory exceptions apply.

10. The Police Officer witness who testified before the Grand Jury in the instant case, P.O. Anthony Siano, received 6 months training at the Police Academy and was then assigned to the 103 Pct. He's been on the job for 5 years. There is no testimony indicating any further training in any area. That to maintain his NYPD firearm credential, he was required to report to the Range twice a year and that he had complied with that requirement and had fired his weapon approximately 1500 times. He explained the basic workings of an operable firearm and we take no exception to his expertise in the area of basic firearm operation.

11. We suggest however, that apart from that basic firearm expertise, this witness had no other relevant 'expert' qualification. That while his direct observations as to physical evidence was admissible before the Grand Jury, his 'expert' conclusion as to the ultimate fact in evidence "I concluded that Oscar Sanders shot himself" (GJ,p.11) was not.

12. The Courts recognize that "practical experience may properly substitute for academic training in determining whether an individual has acquired the training necessary to be qualified as an expert" People v. Donaldson, 107 A.D.2d 758, 484 N.Y.S.2d 123 (2d Dept., 1985). In that case, a 'non-expert' Police Officer testified that a fingerprint impression was created by someone with wet hands. The Court upheld the admission of his expert testimony, acknowledging that, while practical experience may property substitute…there was evidence that the Police Officer had participated in some academic courses including a study of fingerprints, though not

completing a degree in that area, and that in the course of his duties he had lifted thousands of fingerprints.

13. There is no such evidence here. No evidence that P.O. Siano had observed thousands of bullet entry and exit wounds, or thousands of incidents of gunpowder residue on surfaces, other than "while I am working I have seen it on clothing, on people's skin from shootings" (GJ, p.6).

14. Similarly, there is no evidence to suggest he gave competent testimony as to his knowledge of whether a bullet entered the defendant's leg (GJ. P.10), or to support his testimony that a wound on the defendant's leg was an 'exit wound' (GJ, p.11). He gave his expert opinion that marks on a pair of boxer shorts were an 'entry and exit wound of the bullet into his leg and out of his leg' (GJ,p.13). There is no evidence that he had any expertise upon which to base those conclusions.

15. In the usual course of business, evidence of this sort regarding conclusions of causes and types of gunshot wounds, gunpowder residue, entry/exit, trajectory through body parts and clothing comes from a Medical Doctor, usually from the NYC Office of Medical Examiner. In this case, there is no competent evidence to support this witness's statement "I concluded that Oscar Sanders had shot himself" (GJ, p.11).

16. In People v. South, 47 A.D.2d 734, 849 N.Y.S.2d 603 (2d Dept.,2008), the Court held it was permissible for a Medical Examiner to testify as an expert regarding the trajectory of a bullet and position of a victim because the testimony rested on personal observations as well as the witness's extensive experience in forensic medicine. There is no such evidence here; that the P.O. herein had any experience,

extensive or otherwise, in areas usually reserved for forensic experts, Medical Doctors or other ballistic and forensic experts.

17. In Schwartz v. Rosenthal, 244 A.D.2d 325 (2d Dept, 1997), in an applicable civil context, the Court held that a Police Officer testified within his expertise when, as an officer who routinely responded to traffic accidents, he offered an opinion. Just as in People v. Battease, 124 A.D.2d 807, 509 N.Y.S.2d 39 (2d Dept., 1986) where the Court found the Police Officer was qualified to offer an expert opinion as to accident causation after testimony that he'd completed academic training in the field of accident investigation and reconstruction, the officer being a member of the accident investigation squad and his experience of responding to over 400 accidents. There is no such evidence of P.O. Siano's relevant experience or expertise in this case.

18. Finally, we submit for this Court's consideration, People v. Carncross, 59 A.D.2d 1112, 873 N.Y.S.2d 831 (4th Dept, 2009). A N.Y. State Trooper testified concerning the ultimate issues of causation in a case of Criminally Negligent Homicide. The Court held that, with respect to the Grand Jury proceedings, the witnesses testimony regarding the ultimate issue of cause of death did not improperly invade the province of the grand jury but stated "In any event, even assuming arguendo, that the opinion testimony was improper, we note that **'the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment."** Id. At 1114. [emphasis added].

19. In the instant case, the defendant respectfully submits that the conclusory testimony of the P.O. Siano was incompetent as a matter of law. As there is no other evidence sufficient to sustain the Indictment, we respectfully urge this court to dismiss this Indictment.

Respectfully submitted,

Pamela Jordan, Esq.

8