FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 14 2019 ★
BROOKLYN OFFICE

1, 3, 2019

U.S. Courthouse (Brooklyn) Southern District

Re: Oscar Sanders v. P.O. Anthony Siana (0321)
11 CV 02203
(RR)(LB)

RECEIVED
JAN 14 2019
PRO SE OFFICE

I, Plaintiff Oscar Sanders, DIN#: 18A0329, on a separate conviction, would like to submit this written false arrest claim against P.O. Anthony Siana, Shield #: 24880 in the above-referenced action.

Police Officer Anthony Siana, Shield #: 24880 conduct upon me a malicious arrest alleging I was in possession of a loaded firearm. My 2010 conviction was dismissed in 2016. The Court of Appeals (holding that the warrantless search and seizure was unlawful). The gun central to this case was never recovered. Consequently, I served 6 years to a prison term of 80 months to 8 years.

On August 11, 2010, while receiving treatment for a gunshot wound at Jamaica Hospital in Queens, about 10 pm or so at night, P.O. Siana had seized my personal clothes for evidence without my consent or a warrant, in which that conclude unconstitutional. (See exhibits A)

Therefore, I submit this false arrest claim against Officer Anthony Siano, Shield #: 09220 for it to be considered on the grounds of malicious conduct before this court.

Remedy

$1.5K

For pain and suffering I endured considering the death of my child while I was wrongfully incarcerated (2010-2016).

$1.5K

For psycholical distress; mentally and emotionally that arose from the false arrest and character-damage which had been maliciously imposed upon me by P.O. Anthony Siano violating my constitutional rights.

Thank you for your attention to this matter at hand.

Respectfully,
Dexter Sanders

I declare under penalty of perjury that the forgoing is true and correct.

Signed this 3 day of Jan., 2019.

Signature of Plaintiff

Oscar Sanders

Sworn to before me this 3rd Day of January, 2019

John Andrew Farrell

Notary Public

JOHN ANDREW FARRELL
Notary Public, State of New York
No. 01FA6331949
Qualified in Clinton County
Commission Expires 10/15/2022



Exhibit A

---
This opinion is uncorrected and subject to revision before publication in the New York Reports.
---

No. 22
The People &c.,
    Respondent,
    v.
Oscar Sanders,
    Appellant.

Rahshanda Sibley, for appellant.
William H. Branigan, for respondent.

FAHEY, J.:

The primary issue on this appeal is whether defendant's constitutional right to be free from unreasonable searches and seizures was violated when police took defendant's clothing, which had been placed in a clear hospital bag, without either a

warrant or his consent. Under the circumstances of this case, we conclude that the seizure was unconstitutional, and that the part of defendant's motion seeking to suppress that physical evidence should have been granted.

On August 11, 2010, defendant "walked in" to Jamaica Hospital (hospital) in Queens seeking treatment for a gunshot wound. Pursuant to its protocol, and as required by law (Penal Law § 265.25), the hospital reported the shooting to the police. Defendant told a police officer who responded to the hospital that defendant "was shot in [a nearby] [p]ark." By the time he spoke to that officer, defendant was "wearing hospital clothing."

After "dealing with . . . defendant" for "[a] little over an hour," the officer was directed to clothing defendant "wore when he came to [the] [h]ospital." Those clothes were in a clear plastic bag that rested on the floor of a trauma room a short distance away from the stretcher on which defendant was situated in a hospital hallway. In the bag the officer observed the "jeans that [defendant] was wearing that night, boxers, and his sneakers," and there is no dispute that the officer seized that bag. Likewise, there is no dispute that, as he vouchered the clothing, the officer inspected each garment. Based at least in part on observations the officer made with respect to the condition of those items during the inventory process, authorities believed that defendant had accidentally shot himself with a gun he carried in his waistband.

Defendant was subsequently charged with, among other things, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Before trial, defendant sought suppression of the clothes based on what defense counsel characterized as the unlawful warrantless seizure of those items. The People opposed the motion on the ground that "police can seize evidence . . . where the items are in open view and the officer[] observe[s] [them] from a lawful vantage point." After a hearing at which the investigating officer testified essentially to the facts noted at the outset of this opinion, Supreme Court denied suppression. According to the hearing court, "the clothing in [the] clear bag . . . potentially was evidence of a crime," and "there [was] no violation of any [F]ourth [A]mendment rights . . . when th[at] clothing was recovered to be examined to see if it had relevance to the investigation of a crime of someone being shot."

Defendant was eventually convicted of the aforementioned crimes following a jury trial at which the People supported their contention that defendant criminally possessed a loaded firearm outside of his home or place of business through, among other things, the admission into evidence of the clothing seized at the hospital.[1] On appeal, the Appellate Division affirmed the judgment and rejected defendant's challenge to the

---

[1] The gun central to this case was never recovered.

suppression ruling (119 AD3d 878 [2d Dept 2014]). In doing so, the Appellate Division reasoned that "[s]ince the defendant's clothing was lying on the floor of a hospital room in a clear plastic bag, the clothing was openly visible," and that "the police had probable cause to seize the . . . clothing as evidence of a crime of which they believed the defendant had been a victim" (id.). A Judge of this Court granted defendant leave to appeal (24 NY3d 1088 [2014]), and we now reverse the Appellate Division order.

Our analysis begins with the fundamental precept "that warrantless searches and seizures are per se unreasonable unless they fall within one of the acknowledged exceptions to the Fourth Amendment's warrant requirement" (People v Diaz, 81 NY2d 106, 109 [1993], abrogated on other grounds by Minnesota v Dickerson, 508 US 366 [1993]). "Where a warrant has not been obtained, it is the People who have the burden of overcoming th[e] presumption" of unreasonableness (People v Hodge, 44 NY2d 553, 557 [1978]).

Of the " 'jealously and carefully drawn' exceptions to the warrant-preference rule" (Matter of Caruso v Ward, 72 NY2d 432, 443 [1988] [Kaye and Titone, JJ., dissenting], quoting Jones v United States, 357 US 493, 499 [1958]), at issue here is the exclusion in which probable cause exists for the seizure of an object or objects in plain view.

> "Under the plain view doctrine, if the sight of an object gives the police probable cause to believe that it is the instrumentality of a crime, the object may be seized without a

warrant if three conditions are met: (1) the police are lawfully in the position from which the object is viewed; (2) the police have lawful access to the object; and (3) the object's incriminating nature is immediately apparent" (Diaz, 81 NY2d at 110; see People v Brown, 96 NY2d 80, 89 [2001]).

Against this backdrop we conclude that the hearing court erred in denying defendant's motion to suppress the clothes seized by police.[2] There was evidence adduced at the suppression hearing that the officer who seized the clothes knew defendant to have been shot, and that defendant awaited treatment at the hospital while dressed in clothes different from those he wore at the time of the shooting. More important, however, is what the evidence presented at the suppression hearing does *not* establish. That evidence does not show that, before the seizure, the testifying officer knew that entry and exit wounds were located on an area of defendant's body that would have been covered by the clothes defendant wore at the time of the shooting. Similarly, the record of that proceeding contains no other indicium that could have given rise to a reasonable belief that the shooting had affected defendant's clothes. To that end, there is no record support for the lower courts' conclusion that

---

[2] Defendant also contends that the Appellate Division's ruling that the search was permissible under the plain view doctrine violates People v LaFontaine (92 NY2d 470, 474 [1998]) inasmuch as the plain view exception was not at issue before the hearing court. Here, however, the People invoked the plain view doctrine before the hearing court, and the issue was decided adversely to defendant when that court denied suppression.

the investigating officer had probable cause to believe that defendant's clothes were the instrumentality of a crime (see generally People v Cook, 85 NY2d 928, 931 [1995]; cf. generally People v Salvodon, 127 AD3d 1239, 1240-1241 [2d Dept 2015]).

Consequently, for the foregoing reasons we conclude that the seizure was illegal and the items seized were improperly admitted into evidence at trial. In view of our determination that defendant's motion to suppress the physical evidence should have been granted, we do not address defendant's remaining contentions.[3]

Accordingly, the order of the Appellate Division should be reversed, defendant's motion insofar as it sought to suppress the physical evidence granted, the judgment vacated, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

* * * * * * * * * * * * * * * * *

Order reversed, defendant's motion insofar as it sought to suppress the physical evidence granted, judgment vacated and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein. Opinion by Judge Fahey. Judges Pigott, Rivera, Abdus-Salaam and Stein concur. Chief Judge DiFiore and Judge Garcia took no part.

Decided February 23, 2016

---

[3] Specifically, we note that, given our conclusion that the seizure is unconstitutional, we have no occasion to consider defendant's contention with respect to the validity of the search.



DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
CLINTON CORRECTIONAL FACILITY
P.O. BOX
DANNEMORA, NEW YORK 12929
NAME:
DIN:
Clinton
Correctional Facility
NEOPOST
01/04/2019
US POSTAGE
$000.68⁰
FIRST-CLASS MAIL
ZIP 12929
041M11272305
Clerk of US Courthouse
225 Cadman Plaza East
Brooklyn, N.Y. 11201
USMS
legal mail



NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
OFFENDER CORRESPONDENCE PROGRAM

NAME: Oscar L. Sanders Jr DIN: 18A0389

Printed on Recycled Paper