UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OSCAR SANDERS,

                Plaintiff,

- against -

POLICE OFFICER ANTHONY SIANO,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-2203 (RRM) (LB)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

*Pro se* plaintiff Oscar Sanders brings this action pursuant to 42 U.S.C. § 1983, alleging false arrest and malicious prosecution claims against defendant Police Officer Anthony Siano. Presently before the Court is Officer Siano's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Officer Siano's motion to dismiss Sanders's false arrest and malicious prosecution claims is granted.

## BACKGROUND

The following facts alleged in Sanders's complaint are considered true for purposes of this motion to dismiss. *See Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 97 n.1 (2d Cir. 2015).[1] On August 11, 2010, Sanders walked into the Jamaica Hospital in Queens, New York, for treatment of a gunshot wound. (Amended Complaint ("Am. Compl.") (Doc. No. 35) at 1, 5.)[2] Jamaica Hospital reported the shooting to the police, as required by law and hospital

---

[1] The Court's review is limited to facts alleged in the complaint, documents attached to the complaint or incorporated by reference in the complaint, documents integral to the complaint, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Sanders appended to his amended complaint the New York Court of Appeals opinion in the appeal of his criminal conviction, *People v. Sanders*, 26 N.Y.3d 773 (2016). (Am. Compl. at 4–11.) The Court may consider the opinion as it is appended to Sanders's amended complaint and alternatively, the Court may "take judicial notice of the decisions to the extent that they establish that such decisions were rendered, though not to establish the truth of any matter asserted in the decisions." *Elliott v. Nestle Waters North American Inc*, 13-CV-6331 (RA), 2014 WL 1795297, at *8 (S.D.N.Y. May 6, 2014) (adopting Report and Recommendation).
[2] The Court refers to the page numbers assigned by the Electronic Case Filing system.

protocol. (Am. Compl. at 5.) Officer Anthony Siano responded to the hospital's call. (*Id.*) Officer Siano and Sanders discussed the shooting while Sanders was "wearing hospital clothing." (*Id.*) On the ground in a clear plastic bag were the clothes that Sanders wore to the hospital. (*Id.*) Without a warrant, Officer Siano seized the bag and vouchered the clothing contained in the bag. (*Id.*) Based on the condition of the clothing that Sanders wore to the hospital, Officer Siano believed that Sanders had shot himself. (*Id.*)

Although the gun was never recovered, Sanders was charged with criminal possession of a weapon in the second and third degrees and indicted on those charges. (*Id.* at 1, 6.) While his criminal case was pending in Queens County, Sanders filed the instant civil action alleging a false arrest claim against defendants Officer Siano; Sanders's attorney, Pamela Jordan; and Richard Brown, the District Attorney for Queens County. (Compl. (Doc. No. 2).) In May of that year, this Court dismissed the complaint as to Richard Brown and Pamela Jordan but allowed Sanders's false arrest claim to proceed against Officer Siano. (Memorandum and Order (Doc. No. 6).) In June of 2011, Officer Siano sought to stay this action pending full resolution of Sanders's criminal case. (Motion to Stay (Doc. No. 7).) The Court so ordered the stay. (Endorsed Order (Doc. No. 8).)

Before his criminal trial, Sanders moved to suppress his clothing recovered by Officer Siano from the hospital. (Am. Compl. at 6.) The trial court denied the motion and Sanders was subsequently convicted after a jury trial. (*Id.*) Sanders appealed his conviction arguing, among other things, that the clothing seized from his hospital room should not have been admitted into evidence. (*Id.*) In 2014, the Appellate Division for the Second Department affirmed the conviction and Sanders appealed to the New York Court of Appeals. (*Id.* at 7.) The Court of Appeals vacated the judgment and held that the seizure of Sanders's clothing at the hospital was

2

unconstitutional. (*Id.* at 1, 7.) In so ruling, the Court of Appeals concluded that the record did not support that Officer Siano had probable cause to believe that Sanders's clothing was the instrumentality of a crime. (*Id.* at 9.) The district attorney subsequently dismissed Sanders's criminal case. (*Id.* at 1.)

In November of 2018, Sanders to lift the stay and to amend his complaint. (Motion, November 16, 2018 (Doc. No. 25).) Magistrate Judge Bloom granted the motion, permitting Sanders to amend his complaint to include a malicious prosecution claim based on the dismissal of Sanders's criminal charges. (Order (Doc. No. 33).) In January 2019, Sanders filed his amended complaint, which asserts claims for malicious prosecution and false arrest against Officer Siano. (Am. Compl.) Sanders bases his claim on the same argument he asserted in his criminal appeal: that Officer Siano's seizure of Sanders's clothing in the hospital violated his constitutional rights. (*Id.*)

In June of 2019, Officer Siano filed a motion to dismiss Sanders's claims. (Memorandum of Law in Support of Motion to Dismiss ("Motion") (Doc. No. 54).) Officer Siano argues that Sanders cannot recover damages based on the unlawful seizure of evidence. (Motion at 6–8.) Officer Siano further argues that Sanders has not pled any facts to rebut the presumption of probable cause that attaches to a grand jury indictment. (Motion at 3–6.) Officer Siano also argues that he entitled to qualified immunity because it was objectively reasonable for him to seize Sanders's clothing at the hospital. (Motion at 8–12.) In July of 2019, Sanders's filed his opposition to Officer Siano's motion to dismiss. (Opposition to Motion to Dismiss ("Opposition") (Doc. No. 55).) Sanders reiterates the allegations in his complaint, namely that because the New York Court of Appeals concluded that Officer Siano did not have probable cause to seize Sanders's clothing, Sanders is entitled to recover. (Opposition at 1–4.)

3

Sanders also argues that the harm he suffered includes the invasion of his privacy, defamation, and monetary losses. (Opposition at 5.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When a plaintiff proceeds *pro se*, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris*, 572 F.3d at 72 (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement and the allegations in the

4

complaint do not raise a plausible claim to relief, dismissal is warranted. *See Twombly*, 550 U.S. at 558; *see also Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted). Moreover, a district court generally should not dismiss a *pro se* complaint without permitting at least one opportunity to amend. *See Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 10 (2d Cir. 2018) (summary order) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## DISCUSSION

### I. False Arrest

Federal claims pursuant to § 1983 for false arrest "rest on an individual's Fourth Amendment right to be 'free from unreasonable seizures, including arrest without probable cause,' and are 'substantially the same as a claim for false arrest under New York law.'" *Wong v. Yoo*, 649 F. Supp. 2d 34, 58 (E.D.N.Y. 2009) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). To prevail on a claim for false arrest, a plaintiff must plead that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)). Since "[a]n arrest is privileged if it is supported by probable cause," the existence of probable cause to arrest "is an absolute defense to a false arrest claim." *Heyliger v. Peters*, 771 F. App'x 96, 97 (2d Cir. 2019) (summary order); *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010).

"The lack of probable cause to stop and search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant." *Townes v. City of New York*, 176 F.3d 138, 149 (2d Cir. 1999) (dismissing § 1983 false arrest claim); s*ee also Matthews v. City of New York*, 889 F. Supp. 2d

5

418, 432 (E.D.N.Y. 2012) (rejecting § 1983 claim based on "fruit of the poisonous tree"); *Gannon v. City of New York*, 917 F. Supp. 2d 241, 243 (S.D.N.Y. 2013) (same). "[T]he fruit of the poisonous tree doctrine is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." *Townes*, 176 F.3d at 145 (internal quotations omitted). "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." *Id.* at 148.

In this case, Sanders urges this Court to adopt the same theory of recovery that was rejected in *Townes*. Indeed, this case and *Townes* share striking similarities. Townes sought damages based on a warrantless search and seizure of his taxicab that led to the recovery of two loaded handguns from the taxicab and cocaine from Townes. *Id.* at 142. Here, Sanders's theory of recovery is based on the warrantless search and seizure of his belongings. (Am. Compl. at 1, 5–9.) In both cases, the plaintiffs were jailed following denial of a motion to suppress evidence obtained from a warrantless search (Townes plead guilty, Sanders was convicted at trial). *Townes*, 176 F.3d at 142. (Am. Compl. at 1, 5–6.) The convictions in both plaintiffs' criminal cases were reversed on the ground that the police lacked probable cause for the search that led to the recovery of evidence for their arrests. *Townes*, 176 F.3d at 142. (Am. Compl. at 1, 7–9.)

In *Townes*, the Second Circuit clearly rejected recovery of damages under § 1983 based on the fruit of the poisonous tree doctrine. *Id.* at 145. The Second Circuit held that even though the police lacked probable cause for the stop and search, the police "certainly had probable cause to arrest [Townes] upon discovery of the handguns in the passenger compartment of the taxicab

6

in which he was riding." *Id.* at 149. Here, even though Officer Siano lacked probable cause to search Sanders's clothing, there is no allegation that Officer Siano lacked probable cause to arrest Sanders once Officer Siano examined Sanders's clothing. Therefore, Sanders's false arrest claim, based entirely on his conviction and incarceration following the unlawful seizure of his clothing, must be dismissed as it is foreclosed by *Townes*.

However, *Townes* did not foreclose on claims for damages from the Fourth Amendment violation arising from an unlawful search. *Hayes v. Perotta*, 751 F. Supp. 2d 597, 604 (S.D.N.Y. 2010) (citing *Townes*, 176 F.3d at 148). Construing Sanders's *pro se* complaint liberally, Sanders has alleged such a violation. That said, should Sanders recover for this violation, he "would be able to recover only the nominal damages arising from the minor invasion of privacy" he suffered by Officer Siano's search because "his subsequent arrest was clearly supported by probable cause and therefore caused no damages for which he could recover." *See Kennedy v. City of New York*, No. 11-CV-1451 (ERK) (SMG), 2013 WL 3490351, at *4 (E.D.N.Y. July 10, 2013), *aff'd*, 570 F. App'x 83 (2d Cir. 2014) (citing *Townes*, 176 F.3d at 149); *Davenport v. Cnty. of Suffolk*, No. 99-CV-3088 (JFB), 2007 WL 608125, at *7 (E.D.N.Y. Feb. 23, 2007) (noting damages related to a violation of rights during a search prior to arrest are only "slight or nominal").

## II. Malicious Prosecution

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (quoting *Fulton v. Robinson*, 589 F.3d 188, 195 (2d Cir. 2002)). New York law places "a heavy burden on malicious prosecution plaintiffs, requiring that they

7

establish four elements: '(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice.'" *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000) (citation omitted). Probable cause is a complete defense to a malicious prosecution claim, and a grand jury indictment "creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Matthews v. City of New York*, 889 F. Supp. 2d 418, 438 (E.D.N.Y. 2012) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)). "[I]t is the plaintiff who bears the burden of proof in rebutting the presumption of probable cause that arises from the indictment." *Savino*, 331 F.3d at 73. The presumption of probable cause, on the basis of an indictment and conviction, remains even where the conviction is reversed on appeal. *See Wright v. Rutulante*, No. 16-CV-10068 (KMK), 2018 WL 1578172, at *6 (S.D.N.Y. Mar. 27, 2018) (dismissing malicious prosecution claim where conviction was vacated on grounds that trial court improperly admitted certain evidence and plaintiff was acquitted at new trial).

     Sanders's complaint does not allege any facts suggesting that Officer Siano's conduct amounted to malicious prosecution. Sanders was indicted by a grand jury and therefore it is Sanders's burden to put forth evidence that the indictment was procured by fraud, perjury, or bad faith. However, Sanders alleges only that Officer Siano "seized . . . personal clothing for evidence without . . . consent or a warrant, in which that conclude [sic] unconstitutional" and that his subsequent conviction for possession of a firearm was later reversed and his case dismissed. (Am. Compl. at 1–3.) Without more, this allegation fails to overcome the presumption of probable cause that attached to his indictment.

## CONCLUSION

For the reasons set forth above, Officer Siano's motion to dismiss the false arrest and malicious prosecution claims is granted.  Sanders may still recover nominal damages for a Fourth Amendment cause of action based on the unlawful search.  This action is re-committed to the assigned magistrate judge for all remaining pretrial proceedings, including settlement discussions as appropriate.  The Clerk of Court is directed to mail Sanders a copy of this Memorandum and Order and the docket sheet and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       May 28, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge