UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OSCAR SANDERS,

               Plaintiff,                                              **MEMORANDUM AND ORDER**

     - against -                                                  11-CV-2203 (RRM) (LB)

POLICE OFFICER ANTHONY SIANO,

               Defendant.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On May 28, 2020, this Court granted defendant Officer Anthony Siano's motion to dismiss the false arrest and malicious prosecutions claims against him but allowed plaintiff Oscar Sanders' Fourth Amendment cause of action based on an unlawful search to proceed. (5/28/2020 Mem. & Order (Doc. No. 63).) Now before the Court is Officer Siano's motion for reconsideration. (Mot. for Recons. (Doc. No. 66).) For the reasons set forth below, the motion for reconsideration is denied.

## BACKGROUND

Although familiarity with the facts and procedural history of this case is assumed, the Court will briefly recap the relevant background in this case. On August 11, 2010, Sanders walked into the Jamaica Hospital in Queens, New York, for treatment of a gunshot wound. (Amended Complaint ("Am. Compl." (Doc. No. 35) at 1, 5.)[1] Officer Siano was called to the hospital because of the reported gunshot wound and seized Sanders' clothing from his hospital room. (*Id.* at 5.) Based on the condition of the clothing that Sanders wore to the hospital, Officer Siano believed that Sanders had shot himself. (*Id.*) Sanders was charged with criminal possession of a weapon in the second and third degrees and indicted on those charges. (*Id.* at 1, 6.)

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing system.

While still incarcerated at Rikers Island, Sanders commenced this action alleging false arrest/imprisonment. Since the criminal case was still ongoing at the time, this case was administratively closed pending resolution of that criminal action. Sanders was ultimately convicted of the weapons offenses, but his conviction was subsequently reversed by the New York Court of Appeals on the ground that Siano's warrantless search and seizure of clothing left in a plastic bag on floor of hospital room was unlawful. *People v. Sanders*, 26 N.Y.3d 773 (N.Y. 2016). After the prosecution dismissed the criminal case, Magistrate Judge Bloom reopened this case and granted Sanders leave to amend his complaint to add additional claims. In January 2019, Sanders, appearing *pro se*, filed an amended complaint. That pleading asserts claims for malicious prosecution and false arrest against Officer Siano. (Am. Compl.) Sanders bases his claims on the same argument he asserted in his criminal appeal: that Officer Siano's seizure of Sanders's clothing in the hospital violated his constitutional rights and therefore his subsequent arrest and prosecution violated his constitutional rights. (*Id.*)

In June 2019, Officer Siano moved to dismiss Sanders's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Memorandum of Law in Support of Motion to Dismiss (Doc. No. 54).) In a Memorandum and Order issued on May 28, 2020, (the "Prior M&O"), the Court granted Officer Siano's motion to dismiss Sanders' false arrest and malicious prosecution claims (5/28/2020 Mem. & Order.) The Court held that fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant because the lack of probable cause to search does not vitiate probable cause to arrest. (*Id.* at 5.) The Court permitted Sanders to pursue a Fourth Amendment claim based on the unlawful seizure of his property, but noted that recovery would be limited to nominal damages arising from the minor invasion of privacy he suffered by the search. (*Id.*)

Officer Siano timely filed a motion for reconsideration pursuant to Local Rule 6.3. (Mot. for Recons. (Doc. No. 66).) Officer Siano asserts that reconsideration is warranted because the

2

Court overlooked one of the arguments for dismissal in his motion to dismiss – that Officer Siano is entitled to qualified immunity. (*Id.* at 3–6.) Sanders opposes Officer Siano's motion for reconsideration. (Doc. Nos. 68-1, 69.)

## DISCUSSION

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010) (internal quotation marks and citation omitted)). Under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, "[a] motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re N.Y. Cmty. Bancorp, Inc., Secs. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (internal quotation marks and citation omitted). It "may not . . . be used as a vehicle for relitigating issues already decided by the Court," *id.*, at *1 (internal quotation marks and citation omitted), and "[a] moving party may not merely reiterate or repackage an argument previously rejected by the court," *In re N.Y. Cmty. Bancorp*, 244 F.R.D. at 160. In other words, a motion for reconsideration "is not an opportunity for a second bite at the apple." *Id.* (internal citation and quotation marks omitted).

The Court finds that Officer Siano has failed to satisfy the demanding standard for reconsideration. Officer Siano urges the Court to reconsider its Prior M&O because he is

entitled to qualified immunity – an argument he raised in his motion to dismiss that the Court did not address.  Although the Prior M&O did not expressly address this qualified immunity argument, that argument would not have affected the Court's decision to permit Sanders to pursue the Fourth Amendment claim.  "[S]ince qualified immunity is an affirmative defense that is typically asserted in an answer, as a general rule, the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion." *Estate of Chamberlain v. City of White Plains*, 960 F.3d 100, 110 (2d Cir. 2020) (internal quotations omitted) (alterations in original).  As the *Chamberlain* court explained,

> A defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route. Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted only where it appears [that the alleged facts, if true, plausibly state a claim] that would entitle him to relief. Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense.

960 F.3d at 110 (2d Cir. 2020) (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004)).

It would be premature to dismiss Sanders' Fourth Amendment claim on qualified immunity grounds before the factual record is developed.  Accordingly, had the Court addressed this argument in its Prior M&O, the Court would not have changed its decision.  Officer Siano has not met his burden of establishing that the Court overlooked something that would have affected its prior decision, reconsideration is denied.

## CONCLUSION

For the reasons stated above, Officer Siano's motion for reconsideration is denied.  This action is re-committed to the assigned magistrate judge for all remaining pretrial proceedings, including settlement discussions as appropriate.  The Clerk of Court is directed to mail Sanders a copy of this Memorandum and Order and the docket sheet and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       March 26, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge